# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH OMER ALKAN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et, al.,<br><br>　　　　　　　　Respondents. | Case No.:  26-cv-0672-BJC-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　Petitioner Abdulla Omer Alkan, a Turkish national, entered the United States on April 23, 2023, and was detained by Immigration and Customs Enforcement ("ICE"). ECF No. 5 at 2. He was released on parole and pursued an asylum claim. *Id*. At his annual check-in with ICE on October 14 or 15, 2025, he was detained. *Id*. He was never told why he was being detained, but he was given a paper in English that he did not understand. *Id*. at 3.

　　　On February 3, 2026, Petitioner, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing schedule, issued a limited stay, and conditionally appointed Federal Defenders to represent Petitioner on February 5, 2026. ECF No. 5. Petitioner, through counsel, filed an amended

petition. ECF No. 5. Respondents filed a return to the amended petition on February 24, 2026. ECF No. 7. On February 25, 2026, Petitioner filed a traverse. ECF No. 8.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends the revocation of his parole and his detention violate the Administrative Procedures Act ("APA") and Due Process Clause of the Fifth Amendment. ECF No. 5 at 3-9. Respondents contend Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," pursuant to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025). ECF No. 7 at 2.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violates due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined

conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

     **IT IS SO ORDERED**.

Dated:  February 27, 2026

                                       *[signature]*

                                       Honorable Benjamin J. Cheeks
                                       United States District Judge